IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DANIEL GLASPELL,**

      **Plaintiff,**

**v.**                                    **Civil Action Number:** 2:26-cv-00290

**WEXFORD HEALTH SOURCES, INC.,
DR. GAINER, CARLA DEEM, RN HSA,
and JOHN/JANE DOES,**

      **Defendants.**

## **COMPLAINT**

Comes now the Plaintiff, Daniel Glaspell, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1.    Plaintiff, Daniel Glaspell (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at St. Marys Correctional Center (hereinafter, "St. Marys"). Plaintiff has exhausted his administrative remedies.

2.    Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide health services. Defendant is an out of state corporation that does business throughout the Southern District of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia. Defendant Wexford was responsible for providing proper and adequate dental care to the Plaintiff. Defendant Wexford and its employees were at all times acting under the color of state law. Defendants Dr. Gainer, Carla Deem, RN HSA, and John/Jane Does were employed by Defendant Wexford, all of whom had knowledge of and ignored Plaintiff's fractured tooth that occurred when the Dentist attempted to extract Plaintiff's tooth. The fracture occurred on or about April 24, 2024, during a scheduled extraction. Dr. Gainer broke Plaintiff's tooth when he attempted to extract the wrong

tooth. After fracturing the tooth, Defendant Gainer, Deem, Does and Wexford realized that Plaintiff needed intervention from an oral surgeon, see **Exhibit A** attached hereto. Despite this knowledge, Defendants failed to send Plaintiff to an oral surgeon for a time period of approximately 7 months. Defendants knew as early as April 24, 2024 that Plaintiff needed an oral surgeon and admitted that surgery and consultation had been approved as early as April 26, 2024. See Carla Deem, RN HSA letter attached as **Exhibit A**. Despite being informed by Plaintiff of the serious pain and inability to eat much of the food he was provided, Defendants failed to have Plaintiff seen by an oral surgeon for a time period of approximately 7 months. Moreover, Defendants repeatedly ignored Plaintiff's written and verbal complaints of pain, as well as nutritional and digestive issues arising from his pain and difficulty in chewing. Plaintiff's condition required intervention by an oral surgeon that could provide Plaintiff with surgical extraction.

3.       Dr. Gainer, Carla Deem and John/Jane Does were individuals employed by Defendant Wexford that were also responsible for providing dental services and/or referrals and who were aware of Plaintiff's need for intervention by an oral surgeon. Defendants Gainer, Deem and Does were at all times acting under the color of state law as are being sued in their individual capacities.

4.       Defendants Gainer, Deem and Does were employed by Defendant Wexford at the St. Mary's Correctional Center. The individual Defendants were deliberately indifferent to Plaintiff's serious dental needs after Plaintiff suffered a fractured tooth and exposed nerves. Defendants were deliberately indifferent to Plaintiff's serious dental needs despite their actual knowledge that Plaintiff's fractured tooth and exposed nerves caused pain and nutritional deficiencies and problems arising from the constant pain. Plaintiff filed multiple written requests

as well as made verbal requests for treatment. Plaintiff had grieved his lack of treatment and was informed that he would receive oral surgery to address the fracture. Plaintiff was not sent for corrective surgery for over 7 months. Plaintiff was under the continuing care of Defendant Wexford from April of 2024, until the present date. Plaintiff was forced to endure excruciating pain from the botched extraction, all of which further resulted in Plaintiff suffering prolonged digestive complications and emotional distress. The Defendants' deliberate indifference was a violation of both written and unwritten policy and procedures. The delay in obtaining surgical intervention resulted in the wanton and willful infliction of pain upon the Plaintiff which is proscribed by the Constitution of the United States.

5.    Plaintiff continued to complain to Defendants about his lack of dental care from the time of the fracture until surgery at WVU approximately 7 months later. Plaintiff has exhausted all available administrative remedies.   Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to Plaintiff's claims made herein if applicable.

6.    The deliberately indifferent conduct of the Defendants directly resulted in Plaintiff not being provided with timely dental care.

7.    All events and occurrences alleged herein occurred in the State of West Virginia.

## COUNT I - VIOLATIONS OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE (42 U.S.C. §1983)

8.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set fully for herein.

9.    Defendants Gainer, Deem and Does, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his serious dental needs, thereby resulting in Plaintiff being subjected to a fractured tooth for approximately 7

months. This deliberate indifference continued from April 2024 through November 2024. The conduct of Defendants is part of a custom, pattern and practice of withholding timely dental treatment[1]. Moreover, Defendants are guilty of a pattern of ignoring dental issues. Despite being contractually required to provide dental services, Defendants did not do so in a timely manner. Defendants Gainer, Deem, Does and Wexford were informed verbally and in writing that Plaintiff was in severe pain and that it was interfering with his ability to eat.

10.    The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

11.    The inaction of Defendants was carried out in bad faith and was in violation of Plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of Plaintiff's constitutional rights as a result of legal precedent and their training.

12.    Defendants violated Plaintiff's constitutional rights as a prisoner under the Eighth Amendment to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding dental care or treatment/providing oral surgery, despite having knowledge that the condition caused severe pain and despite knowing that it placed Plaintiff at serious risk of harm of nutritional deficiencies. Defendants routinely and have a history of following a policy or custom of not providing timely medical/dental treatment.

13.    Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

## **COUNT II - OUTRAGEOUS CONDUCT**

14.    Plaintiff realleges and incorporates paragraphs 1 through 13 above as if fully set forth herein.

---

[1] There are numerous claims nationwide and within West Virginia complaining of the failure to provide dental care.

15.    Defendants' conduct as described above, was carried out without just cause and was outrageous and willful, proximately causing Plaintiff to suffer pain, severe emotional distress, humiliation, mental distress, nutritional deficiencies and loss of personal dignity.

16.    Defendants knew that the failure to obtain interventional dental care was certain to cause severe emotional distress.  Despite said knowledge, Defendants conducted themselves in an outrageous manner when they intentionally refused to timely provide Plaintiff with the surgery he required.  The intentional denial of dental care is outrageous.

17.    Defendants Gainer, Deem and Defendant Does were acting within the scope of their employment and apparent authority at all times relevant herein.

18.    As a result of the aforementioned conduct, Plaintiff has suffered severe mental anguish, severe pain, suffering and has otherwise been greatly damaged through Defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against all Defendants.

## COUNT III – DELIBERATE INDIFFERENCE TO A SERIOUS DENTAL NEED THROUGH THE CUSTOM AND PRACTICE OF DENYING OUTSIDE DENTAL CARE

19.    Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

20.    Defendant Wexford is guilty of a pattern and custom of ignoring medical/dental conditions that required dental care outside of the correctional facilities.  Defendant Wexford has a pattern, practice and custom of failing to timely send inmates for outside consultations and/or treatment. Defendant Wexford failed to send Plaintiff for timely surgical intervention.

21.     The custom and practice of Defendant Wexford in denying Plaintiff needed dental care violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution.  Such conduct is actionable pursuant to 42 U.S.C. § 1983.

22.     The inaction of Defendant Wexford was carried out in bad faith and was in violation of Plaintiff's constitutional rights.  Defendant would have known that its conduct was a violation of Plaintiff's constitutional rights as a result of legal precedent and policy.

23.     Defendant Wexford violated Plaintiff's constitutional rights as a prisoner in WVDOCR custody under the Eighth Amendment to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding dental care, despite having knowledge that the condition was causing pain, digestion and nutritional issues and despite knowing that it placed Plaintiff at serious risk of harm.  Defendant Wexford has a history of following a policy or custom of not providing timely treatment.  Upon information and belief, Defendants have been sued multiple times for failing to provide timely dental care.

24.     Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law as well as attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV -NEGLIGENCE

25.     Plaintiff does not reassert the previous paragraphs set forth herein.

26.      Plaintiff, Daniel Glaspell (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at multiple WVDOCR facilities.

27.     Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide health and dental services. Defendant is an out of state corporation that does business throughout the State of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia.  Defendant Wexford

was responsible for providing proper and adequate dental care to the Plaintiff.

28.     Defendants Gainer, Deem and John/Jane Does were individuals employed by Defendant Wexford that were also responsible for providing dental services and who were aware of the failure to provide Plaintiff with timely intervention. Defendants were at all times acting under the color of state law when they negligently failed to have Plaintiff sent for surgery for approximately 7 months. All Defendants had a duty to ensure that Plaintiff received timely dental care. Defendants breached this duty when they failed to do so. This failure was a proximate cause of Plaintiff's inability to receive proper nutrition and a proper diet as well as the ability to chew his food without pain and constant pain from an exposed nerves.

29.     Plaintiff, while under the care of Defendants, had continued to complain to Defendants about his lack of treatment. The negligent acts and omissions of the Defendants directly resulted in Plaintiff suffering a prolonged time period when he was suffering severe pain and unable to properly chew his food.  Plaintiff has exhausted all available administrative remedies.  Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to Plaintiff's claims made herein if applicable.

30.     Plaintiff asserts the claims herein for dental negligence in the alternative to Plaintiff's claims for deliberate indifference to serious dental need previously set forth herein.

31.     Defendants are medical/dental providers that are charged with providing the applicable standard of medical/dental care. Defendants breached the standard of dental care when they failed to transport Plaintiff for oral surgery for approximately 7 months. The standard of care required that Defendants provide Plaintiff with timely dental care/surgical intervention.

32.     The breach of standard of care resulted in Plaintiff suffering severe pain, nutritional deficiencies and digestion problems.

## COUNT V -VICARIOUS LIABILITY

33.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 32 as if set forth herein.

34.     Defendant Wexford is vicariously liable for both the outrageous conduct and negligence of its employees under the doctrine of *respondeat* superior, as the individual Defendants were acting within the scope of their employment at the time the acts and omissions described herein.   Moreover, Defendant Wexford was responsible for ensuring its employees compliance with state and constitutional policy directives to ensure that inmates were provided proper and timely dental care.

35.     As such, Plaintiff is entitled to recover damages from the Defendant Wexford under the theory of vicarious liability for the allegations set forth in Counts II and IV of this complaint.

**WHEREFORE**, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DANIEL GLASPELL,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102

P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com